UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATASHA HUGHES ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| WELTMAN, WEINBERG & REIS ) | |
| CO., L.P.A. ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Latasha Hughes, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Latasha Hughes, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), well as violations of the Kentucky Consumer Protection Act, ("KCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices as well as relief from Invasion of Privacy by Intrusion Upon Seclusion.

### II. JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III.  PARTIES

4. Plaintiff, Latasha Hughes, is an adult natural person residing in Hopkinsville, Kentucky.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Defendant"), at all times relevant hereto, is and was a legal professional association engaged in the business of collecting debt within the Commonwealth of Kentucky and the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Since approximately 2009, Plaintiff has been paying Defendant monthly for an alleged defaulted Capital One account.

8. Plaintiff was said to owe an original balance of nearly $2,000.00.

9. Plaintiff states that despite making monthly payments, her account balance has never gone down, and Defendant is still trying to collect a balance of more than $1,900.00.

10.     Defendant continually places calls to Plaintiff's personal cell phone as well as to her mother's home number, despite having full knowledge on how to contact the Plaintiff.

11.     Despite Plaintiff informing the Defendant on their first call, that she had reported the card for the account they were collecting on as stolen to Capital One, Plaintiff was told that none of that mattered and she was still totally responsible for paying this account back.

12.     Defendant then demanded that the Plaintiff make $25.00 monthly payments until the debt was paid off in full.

13.     Plaintiff made the payments as required until she lost her job.

14.     By the time Plaintiff was again gainfully employed, the Defendant raised the required monthly payments to $50.00 a month.

15.     Although difficult, Plaintiff tried to make the monthly payments until she was again faced with a job loss.

16.     When informing the Defendant that she had again lost her job, the Defendant became irate with the Plaintiff, telling her it's her own fault that she keeps losing her job.

17.     At that time, the Defendant raised the monthly payments again, this time to $100.00 a month.

18.     Currently, despite being employed, the Plaintiff cannot afford to make the demanded $100.00 payments each month to the Defendant.

19. Plaintiff has still tried to make payments of some kind to the Defendant and has continued to send monthly payments of $10.00.

20. Defendant has accepted and not returned any of these payments, but also has continued to call and demand more money.

21. On one such occasion, Plaintiff informed the Defendant that she was doing the best that she could with keeping up, but that her father was currently sick and she was short on money.

22. Defendant's agent replied that Plaintiff's father would get better and she really needed to focus on paying her bills.

23. On or about December 16, 2014, Plaintiff was again told that she needed to start making larger payments towards this debt.

24. Plaintiff tried to explain that she could not afford the $100.00 payments, because her monthly child care was costing her $500.00 a month.

25. Defendant's male agent's harsh response was that child care was not a necessity and that he was certain that the Plaintiff had a relative that could sit home and watch her daughter so that she could use the money to make higher payments to get this debt paid off.

26. To date, the Defendant continues to call the Plaintiff on her personal cell phone as well as trying to contact her on her mother's home phone number.

27. The Defendant acted and continues to act in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(3): | Contact of Third Party: Contacted a person more then once, unless requested to do so |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Weltman, Weinberg & Reis Co., L.P.A., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violation of the Kentucky Consumer Protection Act – KRS 367.170

35. The above paragraphs are hereby incorporated herein by reference.

36. The foregoing acts and omissions constitute violations of the ("KCPA") KRS 367-170, Unlawful Acts including but not limited to, violations of:

   (1) Unfair, false, misleading, or deceptive acts or practices in conduct is hereby declared unlawful

   (2) For the purposes of this section, unfair shall be construed to mean unconscionable.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Weltman, Weinberg & Reis Co., L.P.A., for the following:

   a. Actual damages;

   b. Statutory damages;

   c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

   d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37. The above paragraphs are hereby incorporated herein by reference.

38. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another,

or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39. Kentucky recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Kentucky state law.

40. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

41. The telephone calls made by Defendant to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

42. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

44. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a.    Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent

       FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b.     Reasonable attorney's fees and litigation expenses, plus costs of suit;

c.     Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: December 23, 2014      BY: */s/Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiffs
bvullings@vullingslaw.com